```
             UNITED STATES DISTRICT COURT FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL KOROBOV,                  :
                                  :
             Petitioner           :   CIVIL NO. 1:CV-07-1274
                                  :
      vs.                         :   (Judge Caldwell)
                                  :
CHRISTOPHER ANGELI,               :
                                  :
             Respondent           :
```

*M E M O R A N D U M*

*I.      Introduction*

Petitioner Michael Korobov, an inmate at United States Penitentiary-Lewisburg, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (doc. 1). We issued an order to show cause (doc. 4), and the Respondent filed a brief in response. (doc. 8). Korobov did not file a reply brief, and the petition is ripe for our consideration.

Korobov challenges the refusal of the Bureau of Prisons ("BOP") to transfer him from USP-Lewisburg to home confinement or a Residential Reentry Center ("RRC"). Korobov has served approximately 45 months of a 70 month sentence on mail and wire fraud charges. His projected release date, through good conduct time, is January 3, 2010. We will dismiss the petition for failing to exhaust administrative remedies.

*II.      Background*

Korobov arrived at USP-Lewisburg on December 6, 2004. (doc. 8, p. 3). On March 14, 2007, his Unit Team performed its annual Program Review Report which, in relevant part, noted that it was too soon to recommend placement in an RRC. *Id*. at 4. On April 14, 2007, the Unit Team reviewed Korobov's custody classification. *Id*. The Custody Classification Form initially recommended that Korobov's custody be reduced from "Out" to "Community" custody. *Id*. Korobov's Unit Team, however, determined that a decrease in custody classification was not appropriate based on the length of time remaining for Korobov's sentence. *Id*.

Korobov's petition alleges that by failing to reduce his custody level and transfer him to an RRC, the BOP failed to comply with 18 U.S.C. § 3621(b)[1] and BOP Program Statement

---

[1] Under 18 U.S.C. § 3621(b), the BOP is vested with the authority to direct the location of an inmate's imprisonment or subsequent transfer to a different facility. In making this determination, however, the statute lists factors for the BOP to consider. The statute provides, in relevant part:

> (b) Place of imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau *may* designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering--
>
> (1)  the resources of the facility contemplated;
> (2)  the nature and circumstances of the offense;

(continued...)

5100.08. (doc. 1, p. 3). According to Korobov, his Custody Classification Form recommended a decrease in his custody level to a community or home confinement level. *Id*. at 7-8. Korobov contends that despite this, Respondent did not transfer him to an RRC and has not provided an explanation for refusing to do so. *Id*. at 8. Korobov argues that this contravenes the Third Circuit's holding *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), which requires the BOP to consider the factors in § 3621 when making an inmate transfer decision. Korobov seeks an order requiring a reduction of his custody level and a transfer to an RRC. (doc. 1, p. 2).

---

[1](...continued)
   (3) the history and characteristics of the prisoner;
   (4)  any statement by the court that imposed the
       sentence--
     (A)  concerning the purposes for which the
sentence to imprisonment was determined to be
warranted; or
     (B) recommending a type of penal or correctional
facility as appropriate; and
(5)  any pertinent policy statement issued by the
Sentencing Commission pursuant to section 994(a)(2) of
title 28. . . .

The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

-3-

*III.     Discussion*

Respondent argues that we should dismiss Korobov's petition for failing to exhaust administrative remedies. (doc. 8, pp. 9-12). Respondent cites the BOP's administrative remedy program and provides records showing that the only grievance Korobov has filed pertained to an unrelated incident. *Id*. at 6-9. In response, Korobov, citing *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), argues that exhaustion of administrative remedies is not necessary for his § 2241 petition. (doc. 1, p. 15).

A federal prisoner must exhaust his administrative remedies prior to filing a § 2241 petition. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). A district court may use its inherent power to dismiss, sua sponte, a complaint which concedes that the prisoner failed to exhaust his administrative remedies and which facially violates a bar to suit. *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002). *See also Sulaski v. Lindsay*, CV-06-2482, 2007 WL 1031457, at *1 (M.D. Pa. Mar. 29, 2007) (Rambo, J.) (relying on *Ray* for sua sponte dismissal of an unexhausted § 2241 petition). Korobov's reliance on *Jones* is unavailing. The *Jones* Court concluded that "failure to exhaust is an affirmative defense *under the PLRA*."

-4-

127 S.Ct. at 921 (emphasis added).[2]  The PLRA, however, does not apply to habeas corpus proceedings.  *Watkins v. Holt*, 177 Fed. Appx. 251, 253 n.4 (3d Cir. 2006) (nonprecedential) (citing *Booth v. Churner*, 206 F.3d 289, 295 (3d Cir. 2000); *Santana v. United States*, 98 F.3d 752, 756 (3d Cir. 1996)).  Therefore, *Jones* is not controlling in our analysis.

In order for a federal prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542.  *See* 28 C.F.R. § 542.10, *et seq.*  Exhaustion of administrative remedies is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  *Moscato*, 98 F.3d at 761-62.  Korobov concedes that he has not exhausted the BOP's administrative remedies procedure, *see* doc. 1, pp. 15-16, and Respondent has demonstrated that Korobov has not filed a grievance concerning the allegations in this petition. (doc. 8, ex. 1).  Therefore, we will dismiss Korobov's § 2241 petition unless his failure to exhaust may be excused.

---

   [2]  The PLRA is the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996).

Korobov argues that it would be futile to exhaust administrative remedies because he "is challenging the validity of a systemic policy of using unauthorized discretion which breaches the BOP's statutory and regulatory obligations to fully consider 3621(b) factors without categoric impediments." (doc. 1, pp. 15-16). Courts have excused exhaustion when it would not promote the goals noted above, including in circumstances where exhaustion would be futile. *See, e.g. Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring) (exhaustion excused upon petitioner showing futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion excused when agency actions clearly and unambiguously violate statutory or constitutional rights); *Carling v. Peters*, No. Civ. A 00-CV-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion excused where delay would subject petitioner to irreparable injury).

As our colleagues in this District have concluded in identical cases, we find that it would not be futile for Korobov to pursue administrative remedies for his claim. *See Narvaez v. Angelini*, No. 4:CV-07-1227, at 4 (M.D. Pa. Sept. 5, 2007) (McClure, J.); *Hronek v. Angelini*, No.1:CV-07-1228, 2008 WL 717822, at *3 (M.D. Pa. Mar. 17, 2008) (Rambo, J.). We agree with Respondent that Korobov's petition challenges the specific

application of 18 U.S.C. §§ 3621(b), 3624(c), and the BOP Program Statement P5100.08 to the BOP's evaluation of Korobov's custody classification.  As a result, Korobov must first pursue his claim through the BOP's Administrative Remedy Program.  Accordingly, we will dismiss Korobov's § 2241 petition.

While we need not consider the merits of the petition, we briefly note Respondent's position that the § 3621(b) factors will not be considered until approximately eleven to thirteen months before Korobov's release date.  (doc. 8, p. 14).  Respondent bases this argument on his position that pursuant to 18 U.S.C. § 3624(c), the BOP "has the discretion of allowing a prisoner to serve any time period up to, but not beyond six months of the last ten percentum of his sentence, in a facility that will afford the prisoner a reasonable opportunity to adjust to and prepare for his re-entry into the community." *Id*. at 13.[3]  While we agree that under § 3624, the BOP is not required to undertake a review for RRC placement prior to the last six

---

[3] 18 U.S.C. § 3624(c) requires the BOP to place prisoners in community confinement, providing:

> (c) Pre-release custody.  The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's reentry into the community.  The authority provided by this subsection may be used to place a prisoner in home confinement.

months, we have previously discussed our interpretation of *Woodall* as requiring consideration of § 3621(b) factors when evaluating RRC placement prior to the last six months of a sentence. *See Kogan v. Lindsay*, No. Civ. 1-06-0264, 2006 WL 1548855, *3 (M.D. Pa. May 31, 2006) (discussing *Woodall*). *See also Nunez v. Lindsay*, No. 07-3307, 2008 WL 2656248, *2 (3d Cir. Jul. 8, 2008) (nonprecedential) (per curiam) (explaining, in response to an inmate's request for RRC placement before the last sixth months of his sentence: "While [the prisoner] does not have a right to a transfer, he has a right to have his request considered in line with the appropriate factors."). Nevertheless, any determination regarding the merits of Korobov's petition will require him to pursue and exhaust his administrative remedies.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 17, 2008

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL KOROBOV,                  :
                                  :
         Petitioner               :   CIVIL NO. 1:CV-07-1274
                                  :
    vs.                           :   (Judge Caldwell)
                                  :
CHRISTOPHER ANGELI,               :
                                  :
         Respondent               :

*O R D E R*

AND NOW, this 17th day of July, 2008, upon consideration of Michael Korobov's petition, filed pursuant to 28 U.S.C. § 2241, based on the accompanying Memorandum, it is ordered that the petition for writ of habeas corpus is denied. The Clerk of Court is directed to close this file.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge